**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-50656

ROY EDWARD BROWN,

Plaintiff-Appellant,

versus

UNITED STATES of AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas

(W-94-CR-61-1)

November 12, 1998

Before POLITZ, Chief Judge,  EMILIO M. GARZA,  and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

On June 23, 1997, a jury convicted Roy Edward Brown for the possession of cocaine base or "crack" with intent to distribute.  On appeal, Brown challenges the sufficiency of the evidence supporting his conviction, the district court's denial of his motion to sever counts two and three, and the application of United States Sentencing Guideline § 4B1.1.  We affirm.

I.  Factual and Procedural Background

On April 15, 1995, local police authorities responded to two "suspicious person" calls at the Lakewood Mobile Home Park in Killeen, Texas.  Resident Kelly Hensley made the first call which the police received at 7:05 p.m.  She described the  "suspicious person" as a black male,

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

1

approximately 24 years old, and wearing a white shirt with blue stripes. When Officer Dickson arrived at the mobile home park, he observed Brown, who appeared to fit the description, talking on the telephone. He and another officer approached Brown who identified himself and explained that he was waiting for a ride. The second officer knew Brown by sight. Near 7:25 p.m., Brown got in a car which had arrived to pick him up. Officer Dickson drove through the mobile park but encountered no one fitting the description. He returned to the station.

At 7:45 p.m., Officer Dickson responded to a second call from a James Vandergriff, a different resident. Vandergriff and a neighbor Donald Baldwin had gone to the aid of Hensley after she reported around 7:30 p.m. that someone had been lurking outside her home. Dickson estimated that he arrived at the mobile home park around 7:55 p.m. Once there, Dickson interviewed Vandergriff and Hensley and examined the contents of a brown paper bag which Hensley claimed the "suspicious person" had dropped in her yard. A narcotics investigator, James "Jack" Chapman took custody of the paper bag which was later determined to contain 117 grams of crack.

Investigator Chapman asked Hensley to view a photo spread which she did six days later. Brown's photograph was included in the photo spread since two officers positively identified him at the mobile home park. Although Hensley did not describe the suspect as having facial hair, each person in the photo spread had facial hair because the police's only picture of Brown depicted him with a mustache and a goatee. Hensley chose Brown's picture.

These relatively simple facts have lead to three trials. In August 1994, a grand jury returned a two count superceding indictment. Count one charged Brown with possession of cocaine base or "crack" in violation of 21 U.S.C. § 841(a)(1). Count two charged Brown with distributing the same on April 7, 1994 in violation of 21 U.S.C. § 841(a)(1). Brown was tried in October 1994. The district court entered a judgment of acquittal on count two and the and found him guilty as charged in count one.

On appeal, we held that the district court erred in admitting evidence that Brown had previously been convicted of possessing crack with intent tot distribute. We reversed and remanded

2

for retrial on count one. After an April 1996 retrial on count one, a jury convicted Brown yet on appeal we reversed and remanded for retrial. We found that the district court erred in permitting the government to offer evidence that Brown had distributed crack in three uncharged transactions.

One year later, in April 1997, the grand jury returned a second superceding indictment realleging count one and charging two additional counts of distribution of "crack" cocaine. Count two alleged an April 11, 1994 possession with intent to distribute while count three related to an April 13, 1994 charge. In June 1997, a jury found Brown guilty on count one only. Brown filed a Motion for Judgment of Acquittal which the district court denied. The district court then sentenced Brown as a career offender under section 4B1.1 of the United States Sentencing Guidelines to 360 months imprisonment, five years supervised release, a $2,500 fine and a $100 special assessment.

## II. Discussion

A.    The Sufficiency of the Evidence

Brown propounds that the district erred when it denied his motion for judgment of acquittal because there is insufficient evidence to convict him. Brown highlights what he considers defects in Hensley's identification of him. Specifically, Brown argues that Ms. Hensley description did not match his description as it pertained to height and facial hair. Next, Brown contends that the timing of events including the time of calls to the police department, dispatch of officers and his initial contact with police makes it "virtually impossible" for him to be the man Ms. Hensley claimed she observed. Finally, in passing Brown notes that no forensic evidence such as fingerprints connect him to the bag which contained the drugs. Combined, Brown concludes that significant irreconcilable inconsistencies exist; therefore, the evidence fails to identify him beyond a reasonable doubt as the man Ms. Hensley saw. His motion for judgment of acquittal preserves the argument for appeal.

We review the denial of a motion for judgment of acquittal de novo. See United States v. Greer, 137 F.3d 247, 249 (5th Cir. 1998). Under this review, we consider "whether, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." Id. See also, Jackson v. Virginia, 443

U.S. 307, 319 (1979); United States v. Salazar, 66 F.3d 723, 728 (5th Cir. 1995).

We conclude that the government provided ample evidence to establish possession of cocaine base or "crack." As we held in U.S. v. Shah, 44 F.3d 285, 295 (5th Cir. 1995), "[t]he government need not make a case for identity air-tight; identity may be inferred circumstantially[.]" The government's evidence included an identification by Ms. Hensley and testimony of officers who conversed with him when they responded to the first call. Brown had every opportunity to cross examine the government's witnesses, expose any inconsistencies and otherwise argue his defense. Nevertheless, the jury's assessment of credibility favored the government. We are mindful not to second guess a jury's assessment of credibility of a witness who has directly identified the defendant. See United States v. Bell, 812 F.2d 188, 193 & n.5. Overall, we agree with the district court on this issue. Based on the evidence, a rational trier of fact could conclude that Brown possessed the brown bag.

B.      Severance of Counts Two and Three

After Brown's second trial, this court reversed his conviction on count one of the original superceding indictment because the trial court erred in allowing evidence of three uncharged drug transactions. These transactions were based on the testimony of an informant, Stacy Johnson, who testified that he purchased crack from Brown three times in April and May of 1994. Instead of trying Brown on count one alone, the government returned to the grand jury and secured a superceding indictment adding two new counts which involved alleged crack sales by Brown to Johnson in April 1994.[1] Brown moved to dismiss the new counts or alternatively to sever count one for separate trial pursuant to Rule 14 of the Federal Rules of Criminal Procedure.

---

[1]The April 13, 1994 count is one of the same three drug transactions Stacy Johnson testified to at the second trial which this court ruled was inadmissible. Overall, the government's tactics push the envelope of overzealous prosecution. It adds credibility to Brown's implicit yet hollow argument that the government could not prove its case with regard to count one without presenting evidence that Brown had engaged in unrelated drug transactions. Despite the unpleasant odor which trails the government's prosecution of this case, we express no opinion on the merits of the second superceding indictment.

In relevant part, Rule 14 of the Fed. R. Crim. P. provides:

> If it appears that a defendant or the government is prejudiced by joinder of offenses . . .the trial court may order an election or separate trials of counts or provide whatever other relief justice requires.

Fed. R. Crim. P. 14. This court reviews the denial of a motion for severance under Rule 14 only for abuse of discretion. See United States v. Bullock, 71 F.3d 171, 174 (5th Cir. 1995). In conducting our review, we must first determine whether, as a matter of law, the disputed counts were joined properly under Fed. R. Crim. P. 8(a). Id.; United States v. Winn, 948 F.2d 145, 160 (5th Cir. 1991). The rule contemplates some prejudice from the mere act of joining counts in an indictment. See United States v. Scott, 659 F.2d 585, 589 (5th Cir. 1981). Next, even if joinder is improper, we must assess whether the defendant has demonstrated "clear, specific and compelling prejudice that resulted in an unfair trial." Bullock, 71 F.3d at 174; accord Winn, 948 F.2d at 161; Scott, 659 F.2d at 589. We are mindful that the burden of showing such prejudice is a difficult one which rarely results in disturbing the ruling of the trial judge. See United States v. Ballis, 28 F.3d 1399, 1408 (5th Cir. 1994).

Pursuant to Rule 8(a) of the Fed. R. Crim. P., two or more offenses may be charged in the same indictment or information provided the offenses are of the same or similar character. There is no doubt that the three drug counts satisfy this standard. Brown has basically waived any challenge under Rule 8(a) by failing to assert that joining the three counts violated the rule and by conceding that the nature of the offenses were not different. See Brief of Appellant at 19; see also United States v. Morris, 647 F.2d 568, 570 (5th Cir. 1981). Under these circumstances, we cannot find that the district court's decision to deny severance violated Rule 8(a).

Brown offers a plethora of reasons to support his contention that he was prejudiced and received an unfair trial. None of them merit redress. Brown revisits our decision in his prior appeals to argue that without the extrinsic evidence the government's case on count one is weak. According to Brown, introduction of the same in this case is prejudicial *per se*. He claims the prejudice was exacerbated by the prosecutor's statement during closing argument suggesting the jury use the

evidence regarding counts two and three for propensity purposes. Brown further challenges the jury instruction and claims that it failed to cure any prejudice.

The government has endeavored to introduce evidence or prosecute Brown for distribution of cocaine base or crack. Once the information was properly before the jury as counts in the second superceding indictment, the jury rejected the government's evidence on those claims. This finding of not guilty on these counts demonstrates that the jury discerned the merits of the case against Brown and declined to convict where the government failed to carry its burden of proof. Consequently, the court rejects Brown's argument that the "carry-over" effect of counts two and three prejudiced his conviction. See United States v. Cartwright, 632 F.2d 1290, 1294.[2]

The court must also reject Brown's claim that the jury instructions failed to cure any prejudice. First, nothing in the record indicates that Brown objected to the instruction or offered an alternative. The fact that the judge utilized the Pattern Jury Instructions (Criminal Cases) 32 (West 1997) is not dispositive. The instructions are a guide and are not immune from challenges. Nevertheless, we have upheld the instruction used in the case at bar. See Winn, 948 F.2d at 161; Scott, 659 F.2d at 589; United States v. Maggit, 784 F.2d 590, 596 (5th Cir. 1986).

Brown's reliance on this court's decision in Panzavecchia v. Wainwright, 658 F.2d 337 (5th Cir. 1981) is misplaced. In Panzavecchia, a § 2254 appeal by a state inmate, this court found that the appellee had received an unfair trial because the trial court failed to offer an appropriate cautionary instruction explaining the limited purpose for which a particular piece of evidence had been admitted. In Panzavecchia, the court held that prejudice to the defendant "clearly existed." Id. at 341. The same may not be said in this case since Brown offers speculation on the carry-over effect of the additional charges and fails to rebut the presumption that the jury discerned the merits of each charge

---

[2]While the evidence pertaining to count one is minimal, we cannot find that a reasonable jury could not have convicted Brown. Brown attempts to frame his case in the same vein as the two previously dismissed by this court but the existence of a second superceding indictment distinguishes his case from the previous two cases. Rule 404(b) of the Federal Rules of Evidence does not apply because the evidence that he sold crack to Johnson, as charged in the superceding indictment, was not extrinsic as contemplated by Rule 404(b).

6

by finding guilt on count one but not on counts two or three. See Proctor v. Butler, 831 F.2d 1251, 1256-57 (5th Cir. 1987)(distinguishing Panzavechchia); see also, Bullock, 71 F.3d at 175 & n.2 (affirming refusal to grant Rule 14 severance where the district court properly instructed jury as to limited use that could be made of prior felony convictions).

Finally, Brown alleges that the prejudicial effects of the government's evidence was exacerbated by the prosecutor's statements during closing arguments which suggested the jury use the evidence regarding counts two and three for propensity purposes. Brown makes this argument in his attempt to bring this case within the ambit of the two cases previously reversed by this court. We cannot make the same finding in this case. Counts two and three were properly before the jury in a second superceding indictment and are not considered extrinsic evidence. Moreover, the trial court properly informed the jury that they should decide the case solely on the evidence which did not include, *inter alia*, arguments of counsel. See 7 Record 4.

Overall, Brown has failed to show that the district court abused its discretion when it denied his motion. Consequently, we affirm the judgment of the district court.

C.      Sentencing as Career Offender

The district court determined that Brown's 1989 state convictions for possession with intent to deliver crack cocaine should be counted separately resulting in application of the § 4B1.1 of the U.S.S.G. [3] We review the district court's determination de novo, see United States v. Sommer, 127 F.3d 405, 408, and affirm the judgment of the district court.

Brown relies on § 4A1.2(a)(2) which requires prior sentences imposed in unrelated cases be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c). The sentences are not considered related if they were offenses that were separated by an intervening arrest. U.S.S.G. § 4A1.2, comment n.3. On the other hand, prior sentences are considered related when they result from offenses that (1) occurred on the same

---

[3]Section 4B1.1 defines criminal offender and imposes a criminal history of Category VI, the highest category under the guidelines.

7

transaction, (2) were part of a common plan or scheme, or (3) were consolidated for trial or sentencing. Brown avers that his prior state drug charges were not separat ed by an "intervening arrest" and that they were considered consolidated for sentencing" by operation of state law.

We reject Brown's argument. We transcend a formulaic application of the rule to consider the defendant's conduct in determining the existence of an intervening arrest. See United States v. Coleman, 38 F.3d 856, 860 (7th Cir. 1994). Brown fled Texas State Troopers after they observed what was later confirmed to be crack cocaine in the seat he occupied as a passenger in a vehicle. Brown avoided arrest by fleeing from state troopers until he was subsequently arrested by local authorities a little over two weeks later for selling crack on a city street. The state troopers identified Brown as the person who had fled and Brown was charged in two separate indictments. Brown pled guilty to each indictment and separate judgments were entered against him. He was sentenced on the same day. Under these circumstances, we agree with the district court and will not permit Brown to benefit from his willful disregard for authorities.[4]

Finally, Brown's claim that the consolidation of his conviction for purposes of sentencing precluded application of § 4B1.1 is without merit. Sentencing in two distinct cases on the same day does not necessitate a finding that they are consolidated. See United States v. Velazquez-Overa, 100 F.3d 418, 423 (5th Cir. 1996); see also, United States v. Bryant, 991 F.2d 171, 178 (5th Cir. 1993)(holding that this court has consistently "rejected the idea 'that cases must be considered consolidated simply because two convictions have concurrent sentences'")(citations omitted in original). Brown's reliance on Texas appellate decisions including LaPorte v. State, 840 S.W.2d 412 (Tex. Crim. App. 1992)(en banc) is mistaken. This court has analyzed LaPorte and rejected its application to determining whether cases have been consolidated for guideline purposes. See United

---

[4]Brown's approach would create perverse incentives to disregard the police yet continue to engage in criminal activity without sentencing repercussions. An intervening arrest demonstrates that the offender, as compared to one who has had no intervening arrest, is unlikely to mend his ways. See United States v. Springs, 17 F.3d 192, 195-96 (7th Cir. 1994). An arrest less than three weeks after Brown successfully eluded police portrays him as one who at that time was not likely to mend his ways. Consequently, we must agree with the district court.

States v. Fitzhugh, 984 F.2d 143, 147 n. 18 (5th Cir. 1993). In sum, Fifth Circuit precedent forecloses application of LaPorte and its progeny. Accordingly, Brown's 1989 convictions are not consolidated; therefore, the court affirms his career offender sentence.

## III. Conclusion

For the reasons stated herein, we AFFIRM the judgment of the district court.